**Richard NELL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 2797.**

United States District Court, S. D. West Virginia, Huntington Division.

May 19, 1972.

John E. Jenkins, Jr., Huntington, W. Va., Steadman S. Stahl, Jr., Hollywood, Fla., for petitioner.

John A. Field, III, U. S. Atty., Robert B. King, Asst. U. S. Atty., Charleston, W. Va., for respondent.

## MEMORANDUM ORDER

HALL, District Judge.

In his Amended or Resubmitted Petition to Vacate Judgment, or in the Alternative, Petition for Coram Nobis filed on January 11, 1972, petitioner seeks to have vacated his conviction in this Court on March 4, 1932, on a plea of guilty to a felony indictment, primarily on the bases that he was not at the time of the conviction represented by counsel and did not waive his right to counsel.

The Court's jurisdiction of this action has not been questioned. 28 U.S.C.A., § 1651(a). United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

The action has been submitted to the Court for decision upon the record and testimony adduced at a hearing on the petition and upon memoranda presented by counsel for petitioner and for respondent.

The record discloses that petitioner, age 19 years, appeared before a United States Commissioner on February 22, 1932; was held on a $2,000 bond requirement; was committed to the McDowell County, West Virginia, jail to await court action; was indicted by a grand jury of this Court in session at Huntington, West Virginia, on March 2, 1932; that he, "having been tried and found guilty as charged in the said

indictment," [1] was sentenced to serve two years in the United States Industrial Reformatory, at Chillicothe, Ohio, on March 4, 1932; and that he was delivered into the custody of the Reformatory on March 9, 1932.

In his verified petition, petitioner states he was in jail and working on a chain gang when he was informed he was to be in Court to answer the charges against him. He states he did not see the indictment returned against him and did not discuss the indictment with any lawyer or relatives. He avers that he had no means to employ counsel, that he was not advised as to his right to counsel, that he was not informed counsel would be furnished to him as an indigent defendant, that he did not waive his right to counsel, and that he was not represented by counsel at his arraignment and sentencing.

Petitioner's testimony generally substantiates his verified petition. Testimony by respondent's witnesses was generally vague as to procedures and practices on arraignments, pleas and sentencings in this Court in 1932. It is natural that a lapse of forty years would dim memories as to details in greatly routine Court procedures and practices.

The record in the Court's proceedings incident to petitioner's arraignment, plea and sentencing is silent on the issue as to whether petitioner either had or waived his right to counsel. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962), the United States Supreme Court, in passing on an issue somewhat similar to the one here involved, noted:

> Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.

See also Burgett v. Texas, 389 U.S. 109, 114–115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

In respondent's Reply Memorandum, counsel state:

> It is important to note that Petitioner recognizes in his memorandum that he has the burden of proving that the 1932 proceedings were irregular and that he was deprived of his constitutional right to counsel. It is urged that the Petitioner has not met this burden.

The burdens of proof and the shifting of them is sufficiently summarized in United States v. Sullivan, 278 F.Supp. 626, 630 (D.C.Hawaii 1968), in this language:

> The United States contends, quite correctly, that a presumption of regularity attends the judgment of the court when a collateral attack is made upon it and that the petitioner has a "heavy burden of proof" to rebut that presumption. On the other hand, the cases above cited show that there is also a strong presumption against waiver of the constitutional right to counsel. In determining whether a meaningful waiver was here made by Sullivan, all presumptions, however, are circumscribed by the facts and circumstances now in the record.
>
> . . .

■ The fact that petitioner has served the sentence imposed upon him in this Court in 1932 does not make the issue here presented moot and does not impair the Court's jurisdiction in this action. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed. 554 (1968); United States v. Sullivan, 278 F.Supp. 626 (D.C.Hawaii 1968).

---

1. The printed mittimus contains the quoted language and was apparently used as a convenient means of recording the sentence and ordering transfer of the defendant to prison. However, the record otherwise indicates no trial was had and that the sentence was imposed on a plea of guilty.

**516**

In consideration of the entire record in this action, together with the memoranda and arguments of counsel, the Court is constrained to hold that petitioner was denied his constitutional rights to counsel in the 1932 criminal proceedings and, accordingly, it is

Adjudged and ordered that the conviction and sentence of petitioner, Richard Nell, in the United States District Court for the Southern District of West Virginia, at Huntington, in the case of United States of America v. Richard Nell, No. 5594, on March 4, 1932, be, and the same are hereby, voided, vacated and held for naught.